UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER PETERSEN,

                        Plaintiff,

                                              CIVIL CASE NO. 04-40170

v.

AETNA LIFE INSURANCE COMPANY,        HONORABLE PAUL V. GADOLA
                                                           U.S. DISTRICT COURT
                        Defendant.
_____/

## ORDER SUSTAINING OBJECTIONS, GRANTING DEFENDANT'S MOTION, AND DENYING PLAINTIFF'S MOTION

Before the Court are Defendant's motion for summary judgment filed on November 22, 2004, Plaintiff's motion to reverse Plan Administrator's decision to deny disability benefits filed on November 22, 2004, and Magistrate Judge Wallace Capel, Jr.'s Report and Recommendation. On February 23, 2006, the Magistrate Judge served the Report and Recommendation on the parties and notified the parties that any objections to the Report and Recommendation must be filed within ten days of service. In his Report and Recommendation, the Magistrate Judge recommends that this Court grant Plaintiff's motion to reverse the Plan Administrator's decision and to deny Defendant's motion for summary judgment. Defendant timely filed an objection to the Report and Recommendation, and Plaintiff filed a response. For the reasons stated below, the Court sustains Defendant's objections to the Magistrate Judge's Report and Recommendation, denies Plaintiff's motion to reverse the Plan Administrator's decision, and grants Defendant's motion for summary judgment.

**I.    Background**

On May 29, 2001, Plaintiff was hired by Aramark Corporation as an Executive Chef.

Plaintiff held that position until he left work on October 14, 2001. In his initial claim for benefits, Plaintiff asserted that he had arthritis in both hips. Upon review by a medical doctor, however, Plaintiff was diagnosed with inflamation of the left arm and it was recommended that Plaintiff refrain from working until December 12, 2001. After not returning to work, Plaintiff sought continued disability benefits claiming a variety of ailments including severe headaches and pain. After investigating Plaintiff's medical records, Defendant terminated Plaintiff's long-term disability benefits on August 1, 2002. Plaintiff sought to appeal the decision to terminate his disability benefits, but was denied on September 27, 2002.

Plaintiff argues that Defendant arbitrarily and capriciously denied his disability claims and that the Magistrate Judge's Report and Recommendation, agreeing with Plaintiff's position, should be accepted and adopted. Defendant argues that it did not act arbitrarily or capriciously when it terminated Plaintiff's disability benefits, and that the Magistrate Judge erred in his Report and Recommendation.

## II.     Standard of Review

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie,* 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination
> upon the record, or after additional evidence, or any portion of the magistrate judge's

> disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Plaintiff filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

**III.    Analysis**

Both parties and the Magistrate Judge agree that when reviewing Defendant's decision to terminate Plaintiff's disability benefits, the Court must apply the arbitrary and capricious standard. As this Court has already stated, "[u]nder the arbitrary and capricious standard, the administrator's claim can be overturned only upon a showing of internal inconsistency, bad faith, or some similar ground." *Racknor v. First Allmerica Financial Life Insurance Company,* 71 F. Supp. 2d 723, 729 (E.D. Mich. 1999) (Gadola, J.). Further, "[i]f the plan administrator's decision is rational in light

of the plan's provisions and reasonable with no abuse of discretion, then it must be upheld." *Id.* Here, Defendant conducted an intensive review of Plaintiff's medical records and could not find any objective evidence to support Plaintiff's subjective claims. Defendant reviewed the medical records of Plaintiff's treating physicians which concluded that no objective evidence existed to support Plaintiff's claims. Moreover, Defendant even provided Plaintiff's medical records to another set of doctors who concurred with Plaintiff's treating physicians that no objective evidence existed to support Plaintiff's claims. It was not until Defendant completed this extensive and thorough examination of the evidence that it terminated Plaintiff's disability benefits.

In addition, there is no evidence to support Plaintiff's assertion that Defendant acted arbitrarily or capriciously. Absent from the record is any evidence of internal inconsistencies, bad faith, or similar grounds. Applying the correct legal standard, the Court cannot overturn the Defendant's decision to terminate Plaintiff's disability benefits. Therefore, the Court finds that Defendant's decision to terminate Plaintiff's disability benefits was not done arbitrarily or capriciously.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Defendant's Objections [docket entry 18] to the Magistrate Judge's Report and Recommendation are **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [docket entry 9] is **GRANTED** and Plaintiff's motion to reverse the Plan Administrator's decision to deny disability benefits [docket entry 10] is **DENIED**.

**SO ORDERED.**

Dated:   March 29, 2006                       s/Paul V. Gadola
                                              HONORABLE PAUL V. GADOLA
                                              UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   March 30, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
           Cheryl J. Auger; Kimberly J. Bull; Francis R. Ortiz          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                           .

                                            s/Ruth A. Brissaud
                                            Ruth A. Brissaud, Case Manager
                                            (810) 341-7845